PHILANDER BERRY ET AL *v.* WM. WHEATLEY'S HEIRS.

Deeds—Acknowledgment—Certificate.

The acknowledgment to a deed that the grantor appeared before the "Clerk of Logan County," and wherefrom the caption it appears that the acknowledgment was taken in the "County Clerk's Office" is held to be good ,though the word "Court" is omitted after the word "County.' But as it must be judicially known that there was eo nonine no clerk of "Logan County" while there was a clerk of the County Court of said county, it is presumed that he, as such, was by law authorized to take the acknowledgment.

Notice of Meeting of Prosessioner—Appearance.

The appearance and entering of objections to some of the acts of the prosessioners, is held to waive formal notice of the time and place of their meeting.

APPEAL FROM THE UNION CIRCUT COURT.

OPINION OF THE COURT BY JUDGE PETERS:

The first objection taken to the ruling of the court below is to the admission of a certified copy of the deed from Stewart the patentee, to Hardin; and it is insisted that the deed and certificate

of acknowledgment do not show that the individual taking the acknowledgment was authorized by law to take the same.

From the caption it appears that the acknowledgment was taken in the "*County Clerks Office*," and in the body of the certificate it appears that the grantor appeared before the clerk of Logan county and acknowledged said writing to be his act and deed, &c., and then he certifies under his hand as clerk as aforesaid.

The certificate is somewhat informal in omitting to add the word "*Court*" immediately after the words "*Logan county;*" but it must be judicially known that there was *eo nomine* no clerk of Logan county; while there was a clerk of the County Court of said county, and that he as such was by law authorized to take the acknowledgment of deeds, &c., and it would be extremely technical to decide that because the word *court* is omitted in the certificate, that the deed was not acknowledged before an officer authorized to act, although it is certain that it was acknowledged before a person who assumed to have authority to act. There is enough, in our opinion, in the certificate to show that the acknowledgment was properly taken.

Next it is objected that the report of the processioner's was admitted as evidence, when no notice was offered of the time and place of their meeting. It appears on the face of the report that appellant Berry was present, and objected to some things done; and his presence is shown by the evidence of the surveyor, and the processioner; it will therefore be inferred that he was notified, and as he was present, all was accomplished that a notice was designed to do. And as to the report of the first of October, 1847, that was made prior to the adoption of the Revised Statutes, and no notice was required under the former statutes, unless the testimony of witnesses was taken, and as no depositions were offered, the report might be read without the production of a notice.

No error is perceived in giving, or refusing instructions, and the verdict of the jury is sustained by the evidence.

Wherefore the judgment is *affirmed*.

*Hughes, for appellant.*

*Lindseys, for appellee.*